Eastern District of Kentucky
F I L E D

MAY 0 3 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-270-GWU

JANICE KNOX,                                                      PLAINTIFF,

VS:                          MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT,

INTRODUCTION

Janice Knox brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income (SSI). The case is before the Court on cross-motions for summary judgment.

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.      Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.      Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.      Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled.   If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.     Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled.   If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.     Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?   If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply.   Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id.   This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.  1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. 404.1521, 416.921.  The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term.  Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).  The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment,"  Landsaw v. Secretary of Health and Human Services,  803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987).  The plaintiff is said to make out a  prima facie case by proving that she or he is unable to return to this work.  Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir.  1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual."  20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

DISCUSSION

The Administrative Law Judge (ALJ) concluded that Knox, a 53 year-old woman with a high school education and no past relevant work history, suffered from impairments related to degenerative arthritic changes in the lumbar spine with marginal osteophytes, osteoarthritis in the joints, diabetes mellitus, peripheral neuropathy in the lower extremities, being status post fracture of the right leg at the ankle, re-fracture of the right fibula at the ankle, glaucoma, ocular hypertension, asthma, chronic obstructive pulmonary disease, gastroesophageal reflux disease, a mild hearing loss, and cardiac palpitations.   (Tr. 20, 22). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 28).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 29).  The ALJ based this decision, in part, upon the testimony of a vocational expert.  (Tr. 27-28).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However,

5

the current record also does not mandate an immediate award of SSI. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration and deny that of the defendant.

Knox was found capable of performing a restricted range of light level work in an administrative decision which became final on December 23, 1997. (Tr. 41-49). Among the restrictions were an inability to more than occasionally climb, stoop, crouch or crawl, a need for a sit/stand at will option, and a need to avoid concentrated exposure to dust, smoke, or temperature extremes. (Tr. 48). Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proven upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-3(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding..." In the present action, the The ALJ concluded that "new and material" evidence did not support a finding of either improvement or deterioration in the plaintiff's condition and, so, the previous residual functional capacity finding remained in effect as per Drummond. (Tr. 19-20).

Knox asserts that the opinion of Dr. Michael Blevins, a treating physician, does support her claim that her condition deteriorated and, so, the ALJ's reliance upon the previous residual functional capacity finding was improper. In letters dated August of 2000 (Tr. 194) and January of 2001 (Tr. 175), Dr. Blevins opined that the plaintiff was not able to work as a result of her problems with asthma,

6

chronic joint pain, osteoarthritis, cardiac palpitations, chronic skin problems, anxiety, and peripheral neuropathy of the hands and feet. In December of 2001, the physician completed a Physical Capacities Evaluation Form upon which he restricted the plaintiff to less than a full range of sedentary level work. (Tr. 289-290). Even more severe physical restrictions were reported in April of 2002 by the doctor on a Diabetes Mellitus Residual Functional Capacity Questionnaire. (Tr. 283-288). On both forms, peripheral neuropathy was indicated to be a problem supporting the restrictions. (Tr. 283, 289).

Dr. Blevins referred Knox to Dr. Timothy Gardner for treatment of her diabetic-related foot problems. (Tr. 165-167). While Dr. Gardner did not identify specific physical restrictions, he did diagnose "severe" peripheral neuropathy. (Tr. 167).

The prior ALJ's denial decision did not mention peripheral neuropathy as an impairment suffered by Knox. (Tr. 41-49). The plaintiff asserts that the diagnosis of this condition by Dr. Blevins and Dr. Gardner supports her claim of a deterioration in her condition since the previous denial decision.

The ALJ rejected the opinions of Dr. Blevins and Dr. Gardner because he did not believe that they were well-supported by objective medical data. (Tr. 22). However, these opinions provide at least some evidence to suggest a deterioration in Knox's condition. Dr. David Swan, a non-examining medical reviewer, was the only physician of record during the current time period to indicate that the prior residual functional capacity finding would remain in effect. (Tr. 248-257). An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). However, Dr. Swan saw the record in April of 2001 and, so, had no opportunity to see and

7

comment upon Dr. Blevins' opinion. The ALJ should at least have sought the advice of a medical advisor who did see the entire record. Therefore, substantial evidence does not support the administrative decision.

The Court notes that Dr. Blevins' December, 2001 functional restrictions were presented to Vocational Expert Anne Thomas as an alternative hypothetical question and a significant number of <u>sedentary</u> level jobs were identified as remaining available.[1] (Tr. 774-775). However, a person of Knox's age of 53, education, and lack of work experience would be "disabled" under the Medical-Vocational Guidelines if limited to sedentary level work unless her education provided for direct entry into skilled work. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.13. Since there is no information addressing this point, this question cannot provide an alternative ground to support the administrative decision. Therefore, a remand of the action for further consideration is required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion in so far as such relief is achieved and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the _____3_____ day of May, 2006.

G. WIX UNTHANK
SENIOR JUDGE

---

[1]The April, 2002 restrictions were also presented to Thomas who indicated that no work would be available. (Tr. 776).

8